IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

WOODROW RALPH DRENNEN,

    *Plaintiff,*

v.                                    Civil Action No: __2:21-cv-00601__

OLYMPUS AMERICA, INC.; and
VERITIV OPERATING COMPANY,

    *Defendants.*

## COMPLAINT

For his Complaint against the Defendants, Plaintiff Woodrow Ralph Drennen, by counsel, states as follows.

### PARTIES

1. Woodrow Ralph Drennen ("Mr. Drennen") is a fifty-four-year-old citizen and resident of Boone County, West Virginia.

2. Olympus America, Inc. ("Olympus") is a New York corporation with its principal place of business in Pennsylvania and is registered to do business in West Virginia.

3. Veritiv Operating Company ("Veritiv") is a Delaware corporation with its principal place of business in Georgia and is registered to do business in West Virginia.

### JURISDICTION AND VENUE

4. This court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the matter in controversy exceeds $75,000.

5. This court has personal jurisdiction over this matter because the matter arises out of the Defendants' contacts with West Virginia.

6. Venue is proper in this court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this matter occurred in West Virginia.

## BACKGROUND

7. On August 28, 2020, Mr. Drennen underwent a routine screening colonoscopy in Charleston, West Virginia.

8. During Mr. Drennen's colonoscopy, the treating physician performed two polypectomies, which is a procedure to remove a colon polyp from the lining of the colon.

9. The first polypectomy was performed using a hot snare, which is an accepted and common technique in the medical community.

10. To perform a hot snare polypectomy, the physician places a snare over the polyp, tightens the snare around the base of the polyp, pulls the polyp away from the colon wall, and runs an electric current through the snare to cut through the base of the polyp and cauterize the removal site.

11. During Mr. Drennen's hot snare polypectomy, the snare became too hot and burned more of the colon wall than normal.

12. The physician clipped the removal site and used a different technique for the second polypectomy.

13. The hot snare had perforated Mr. Drennen's bowel, ultimately causing a rapid onset of a life-threatening infection and internal bleeding throughout his abdomen.

14. Mr. Drennen underwent emergency surgery that night, and has undergone a total of four surgeries to date related to and stemming from his injury and infection.

15. Mr. Drennen's injuries are horrific, leaving him permanently scarred, disfigured, and disabled and causing him immense pain and suffering,

16. Mr. Drennen's treatment is ongoing and will require additional surgeries and a lifetime of medical care.

17. The electrosurgical generator used for Mr. Drennen's colonoscopy was an Olympus ESG-100.

18. Olympus designed, manufactured, marketed, sold, and distributed the Olympus ESG-100.

19. Veritiv sold and distributed the Olympus ESG-100.

20. Olympus and Veritiv were aware of other incidents the same as or similar to what happened to Mr. Drennen in regards to the Olympus ESG-100, its various components and parts, and similar devices.

21. The Olympus ESG-100 is part of a larger endoscopic electrosurgical unit and accessories, making it a Class II device under 21 C.F.R. § 876.4300.

## COUNT I—MANUFACTURING OR STRUCTURAL DEFECT

22. Mr. Drennen incorporates the preceding paragraphs herein.

23. The Olympus ESG-100 designed, manufactured, marketed, sold, and distributed by the Olympus and Veritiv was unreasonably dangerous for its intended and foreseeable uses because of manufacturing or structural defects that caused it to deliver too much energy, which in turn caused the snare to overheat and severely injure Mr. Drennen.

## COUNT II—DESIGN DEFECT

24. Mr. Drennen incorporates the preceding paragraphs herein.

25. The Olympus ESG-100 designed, manufactured, marketed, sold, and distributed by Olympus and Veritiv was unreasonably dangerous for its intended and

foreseeable uses because of defective design features that caused it to deliver too much energy, which in turn caused the snare to overheat and injure Mr. Drennen.

### COUNT III—USE DEFECT

26. Mr. Drennen incorporates the preceding paragraphs herein.

27. The Olympus ESG-100 designed, manufactured, marketed, sold, and distributed by Olympus and Veritiv was unreasonably dangerous for its intended and foreseeable uses because of defective, absent, and inadequate warnings, instructions, and training concerning the foreseeable risk that the device can deliver too much energy to a snare causing the snare to overheat, which is what caused Mr. Drennen's injuries.

### COUNT IV—BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

28. Mr. Drennen incorporates the preceding paragraphs herein.

29. The various acts and omissions committed by Olympus and Veritiv described herein constitute a breach of the implied warranty of merchantability under West Virginia Code § 46-2-314, which resulted in injury and damages to Mr. Drennen.

### COUNT V—NEGLIGENCE

30. Mr. Drennen incorporates the preceding paragraphs herein.

31. Olympus and Veritiv owed a duty to Mr. Drennen and others to manufacture and design medical devices free from defects and that are reasonably safe for their intended and foreseeable uses.

32. Olympus and Veritiv owed a duty to Mr. Drennen and others to properly and reasonably instruct or warn users and consumers of their medical devices to ensure the medical devices are reasonably safe for their intended and foreseeable uses.

33. 21 C.F.R. § 801 *et seq.*, 21 C.F.R. § 803 *et seq.*, and 21 C.F.R. § 820 *et seq.* each impose upon Olympus and Veritiv various duties associated with the labeling, incident reporting, and manufacturing of medical devices, including the Olympus ESG-100, which are expressly incorporated herein.

34. ISO 8600, issued by the International Organization for Standardization and recognized by the Food and Drug Administration as a consensus standard, imposes upon Olympus and Veritiv various duties associated with endoscopic medical devices, including the ESG-100.

35. Olympus and Veritiv negligently breached their duties described herein, causing Mr. Drennen's injuries.

WHEREFORE, Plaintiff Woodrow Ralph Drennen seeks judgement against the Olympus Defendants and Veritiv as follows:

    a. Medical expenses, past and future;

    b. Pain and suffering, past and future;

    c. Lost wages, past and future;

    d. Loss of the ability to enjoy life, past and future;

    e. Loss of consortium, past and future;

    f. Emotional distress and mental anguish, past and future;

    g. Annoyance and inconvenience, past and future;

    h. Scarring and disfigurement;

    i. Attorney fees, costs, and expenses;

    j. Punitive damages;

    k. Pre- and post-judgment interest on all amounts; and

    l. Any other relief which the court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

                      **WOODROW RALPH DRENNEN,**
                      **Plaintiff**

                      **By Counsel:**

                      */s/ Harry G. Shaffer, III*
                      Harry G. Shaffer, III (WVSB #3344)
                      Benjamin M. Mishoe (WVSB #10278)
                      SHAFFER & SHAFFER, PLLC
                      330 State Street
                      P.O. Box 38
                      Madison, WV  25130
                      Telephone:  304-369-0511
                      Facsimile:   304-369-5431